Mary T. Goggin *vs.* John T. Goggin.

DECEMBER 11, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is a bill in equity to enjoin the respondent, John T. Goggin, from prosecuting an action of trespass and ejectment against the complainant and from interfering with the complainant's occupation of a certain farm. The cause was heard in the superior court on bill, answer and evidence, whereupon a final decree was entered, denying the prayers for relief and dismissing the bill of complaint. It is before us on the complainant's appeal from this decree.

The complainant is the widow of Thomas P. Goggin, who was the son of the respondent. The respondent and his late son were the lessees of the Colt Farm, so-called, in Bristol, under a written lease executed by Industrial Trust Co. as trustee under the will of Samuel Pomeroy Colt. The transactions in question took place during a renewal term of that lease.

On the death of the son on January 1, 1935, the complainant was living on the farm, and she has continued to occupy it and to run the business thereon. About a year later, after certain differences between complainant and respondent had arisen, and after unsuccessful attempts to adjust them, the father began the action at law in trespass and ejectment against this complainant, the widow of his son. The facts underlying that action appear sufficiently in the case of *Goggin* v. *Goggin*, 57 R. I. 166, and need not be repeated here. We held in that case that the lease was intended to run, and did run, to father and son as joint tenants; that the father, respondent here, as surviving tenant had a paramount right under the lease to possession of the farm against the complainant individually or as a representative of her husband's estate.

At the hearing before us, the complainant relied on three main contentions, namely, (1) it was error to exclude certain testimony of witness Hartwell relating to the lease and to occupation of the farm under it; (2) the trial justice was clearly wrong in his decision in refusing, on the evidence, to grant the complainant's prayer for relief against the re-

spondent; (3) it was error to deny the complainant's motion to add Mary T. Goggin, administratrix of the estate of Thomas P. Goggin, as a party complainant. None of these contentions can be supported on the record before us.

The first contention, relating to the excluded testimony of witness Hartwell, concerning the terms of and the occupation under the lease, is based on the theory that the language of the lease was doubtful and ambiguous. Since the hearing of this cause before us, we have rendered our opinion in the law action wherein we held that the language of the lease was clear and not ambiguous, and that such parol evidence as offered here was not admissible to contradict its plain terms. *Goggin* v. *Goggin, supra*. This contention, therefore, and all other reasons of appeal which are based upon the complainant's contention that the lease created a tenancy in common, or was doubtful and ambiguous in its terms, are governed by our opinion in the earlier case. We find no error in the rulings excluding certain testimony of this witness.

The second contention proceeds substantially on the theory, first, that the evidence clearly established the making of an oral agreement on January 1, 1935 and again on February 15, 1935, covering complainant's occupation of the farm; or secondly, that the respondent at least made certain representations or assurances relating to such occupation, which the complainant relied and acted upon to her detriment, whereby the respondent should be estopped from now asserting the contrary.

The complainant alleges that this oral agreement, whereby she would continue to occupy the farm without interference upon performance of certain conditions, was made with her by the respondent first at her home on the very day her husband died. It was substantially renewed in more particular terms, she says, on February 15, 1935, when the respondent was about to go to Florida, and was repeated on April 5, 1935 at dinner at her home, on his return from Florida. On the other hand, the respondent denies these allega-

tions and insists that the most he ever intended or said to her on this subject was that he would consider the matters and take them up with her on his return from Florida. Both produced other witnesses and evidence to corroborate, at least in part, their respective versions of the transactions and conferences between them.

The evidence on this issue of fact was irreconcilable. The justice had the advantage of seeing and hearing the witnesses, when passing on their credibility and on the weight to be given to their testimony. He found substantially on such conflicting testimony, that the written evidence and probabilities favored the respondent's version and that, if such an oral agreement as alleged were capable of enforcement notwithstanding the statute of frauds, the complainant had not sustained the burden of proving the making of such agreement. We have examined the transcript and, as we cannot say that the trial justice was clearly wrong in his decision on this phase of the cause, the first part of complainant's second contention is not sustained.

A similar ruling was made by the justice in regard to the second part of her contention concerning the respondent's alleged representations and assurances, and of the alleged estoppel. The issue of whether the representations and assurances were made, as the complainant alleged, had to be determined on substantially the same conflicting evidence as related to the alleged oral agreement. Moreover, her alleged expenditure of about ten thousand dollars, in reliance upon such representations or assurances, appeared to the justice to have been made largely for purchases of livestock and movable farm equipment, all of which could be readily taken off the farm by the complainant. The balance, he found, was largely devoted to ordinary repairs to the farm and farm buildings, such as repairs to floors, cracks in the wall, painting, and minor alterations in the barn to provide greater facilities to suit the convenience and profit of the complainant. Other farm expenditures were chiefly for feed, fertilizer and

farm operations from which she derived special advantage.

In other words, he found substantially, on the conflicting evidence, that most of the ten thousand dollars was expended for removable personal property and not for any permanent improvements to the farm that would enrich the respondent, and that the balance represented expenditures which were made in the course of ordinary good husbandry and were made chiefly for her own convenience and benefit.

As in the case of the alleged oral agreement, the trial justice made his findings in regard to the issue of the alleged representations and assurances on conflicting evidence. We cannot say, upon examination of the record, that he was clearly wrong in holding that the complainant had failed to prove the elements necessary to establish an equitable estoppel against the respondent as alleged. The second part of her second contention, therefore, is without merit.

The third contention relates to the complainant's motion to add Mary T. Goggin, administratrix of the estate of Thomas P. Goggin, as a party. This motion was not made until shortly before the conclusion of all the evidence for the complainant. In view of the findings of the trial justice on the conflicting evidence that no oral agreement, representations or assurances, as alleged, were ever made by the respondent, which findings we cannot say are clearly erroneous, the issue raised by the complainant's motion to add as a party the administratrix of her husband's estate becomes wholly immaterial and need not be discussed.

The complainant also argues that the trial justice erred in refusing to reopen the hearing for the purpose of presenting further testimony on the question of the alleged agreement. The motion was addressed to the sound discretion of the trial justice and the testimony offered would have been merely cumulative. In the circumstances, we find no error in the trial justice's ruling.

The trial justice's findings on conflicting evidence are entitled to great weight. We cannot say that his decision was

clearly wrong or that it fails to do substantial justice between the parties. *People's Savings Bank* v. *Rynn,* 57 R. I. 411, 190 A. 440.

The complainant's appeal is denied, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*Charles B. Coppen, Emil H. Ruch,* for complainant.
*Patrick H. Quinn, Michael DeCiantis,* for respondent.